## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re: | : |
| | :    Chapter 11 |
| IBI Palm Beach, LLC, | : |
| | :    Case No. 14-34729 |
| Debtor. | : |
| | : |

### MOTION OF DEBTOR FOR ENTRY OF INTERIM AND FINAL ORDER DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES

The above-captioned debtor and debtor-in-possession (the "Debtor"), by and through undersigned counsel, hereby moves this Court, pursuant to this motion (the "Motion"), for the entry of an order, substantially in the form attached hereto as **Exhibit A** prohibiting utility providers from altering or discontinuing services on the basis of the commencement of this case or on account of pre-petition invoices and establishing procedures for determining adequate assurance of payment for future utility services.   In support of this Motion, the Debtor respectfully states as follows:

### Jurisdiction

1.     The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory bases for the relief requested herein are sections 105(a) and 366 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code").

### Background

4.     On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition for relief with the Court under chapter 11 of title 11 of the Bankruptcy Code.   The Debtor is

operating its organization and managing its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in this chapter 11 case and, as of the date of the filing of this Motion, no official committees have been appointed or designated.

5.      The factual background relating to the Debtor's commencement of this case is set forth in detail in the *Declaration of Bradley Prader in Support of First Day Motions* filed contemporaneously herewith and incorporated herein by reference.

6.      This case is a balance sheet and operational restructuring case, through which the Debtor is seeking to restructure its obligations and receive financing of its working capital needs in order to re-start its operations in Riviera Beach at the Port of Palm Beach.  The Debtor operates a cruise-ship based casino and entertainment company in the West Palm Beach metropolitan area utilizing the trade name Island Breeze Casino.

7.      The Debtor's revenues are dependent on operation of the Island Breeze Casino. Unfortunately, in May 2014, a catastrophic engine failure, subsequent repairs, and dry-docking forced the Debtor to cease operation of the Island Breeze Casino, layoff substantially all of its employees save essential executive and administrative personnel, and incur a negative cash flow of approximately $2 million.

8.      The Debtor has struggled to weather this operational challenge in the absence of a revenue stream, but its repairs have been completed and its vessel has obtained the requisite certifications to again carry passengers.

9.      While the Debtor endeavors to re-start full operations and generate positive cash flow, it is seeking the protections of chapter 11 in order to restructure its balance sheet and streamline its operations, to the benefit of all creditors and parties in interest.  The Debtor intends

to use cash collateral and other funding to operate its business while it explores various restructuring alternatives.

## A.    **The Utility Providers**

10.    In connection with the operation of its organization, Debtor obtains telephone, high-speed internet, electricity, water, gas and other similar utility services provided by the Port of Palm Beach ("POPB") (electricity) and by Windstream Communications ("Windstream") (high-speed internet and telephone) (the "Utility Providers").[1]    The Debtor pays the following approximate amounts monthly:

- Shore Power – billed by POPB - $4,500

- Office Electric – billed by POPB - $500

- Telephone and Internet – billed by Windstream - $2,100.

11.    The Debtor believes that some or all of the monthly amounts paid to the Utility Providers are for services that may not qualify as "utility services" for purposes of section 366 of the Bankruptcy Code, but may constitute utility services under the Federal Power Act or other state or local regulations.    For example, POPB pays the electricity bill for the entire office building in which the Debtor operates and then charges a pro-rated amount to each tenant based on square footage of occupancy.    The Debtor reserves the right to argue that some or all of the services provided by any given Utility Provider do not properly constitute "utility" services under section 366 of the Bankruptcy Code and that, as such, section 366 of the Bankruptcy Code does not entitle such Utility Provider to adequate assurance with respect to such services.

## **Relief Requested**

---

[1]    Although Debtor believes that this list includes all of its Utility Providers, the Debtor reserves the right, without further order of the Court, to supplement the list if any Utility Provider has been omitted.    Additionally, the listing of these entities is not an admission that such entity is a utility within the meaning of section 366 of the Bankruptcy Code.    Debtor reserves the right to contest any such characterization in the future.

3

12.     Section 366(a) of the Bankruptcy Code prevents utility companies from discontinuing, altering or refusing service to a debtor during the first twenty (20) days of a bankruptcy case.  However, thirty (30) days from the Petition Date, a utility company may discontinue its services, pursuant to section 366(c)(2) of the Bankruptcy Code, if a debtor has not furnished adequate assurance of payment.

13.     By this Motion, the Debtor seeks the entry of an order:  (a) determining that its Utility Providers have been provided with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code; (b) approving the Debtor's proposed offer of adequate assurance and procedures whereby the Utility Providers may request additional or different adequate assurance; (c) prohibiting the Utility Providers from altering, refusing, or discontinuing services on account of the commencement of this case, pre-petition amounts outstanding, or on account of any perceived inadequacy of the Debtor's proposed adequate assurance; (d) establishing procedures for the Utility Providers to object to the Debtor's proposed adequate assurance procedures; (e) determining that the Debtor is not required to provide any additional adequate assurance, beyond what is proposed by this Motion.

A.     **Debtor's Adequate Assurance**

14.     The Debtor intends to pay post-petition obligations owed to the Utility Providers in a timely manner.  Moreover, the Debtor expects that it will have sufficient cash on hand to honor such post-petition obligations.

15.     The Debtor has contacted POPB and believes that POPB is satisfied with the Debtor's promise to make post-petition payments in a timely manner, and consents to this assurance as sufficient adequate assurance of payment.

117765144_1

16.     For Windstream, the Debtor proposes to provide a deposit equal to one (1) week of service, or $525.

17.     Any Utility Provider, including any Utility Provider not listed herein that is subsequently identified prior to a final hearing on this motion, may request a deposit in writing (the "Adequate Assurance Deposit"), provided that such Utility Provider does not already hold a deposit equal to or greater than the value of two (2) weeks of utility services and provided further that such Utility Provider is not currently paid in advance for its services.  As a condition of requesting and accepting an Adequate Assurance Deposit, the requesting Utility Provider shall be deemed to have stipulated that the Adequate Assurance Deposit constitutes adequate assurance of payment to such Utility Provider within the meaning of section 366 of the Bankruptcy Code and shall further be deemed to have waived any right to seek additional adequate assurance during the course of this Chapter 11 Case.

18.     The Debtor submits that the foregoing proposed treatment of its Utility Providers, in conjunction with the Debtor's ability to pay for future utility services in the ordinary course of business (collectively, the "Debtor's Adequate Assurance"), constitutes sufficient adequate assurance to the Utility Providers.

19.     In most cases, the Debtor believes that the Utility Providers will conclude that an additional adequate assurance payment is unnecessary.  The Debtor believes it has a good relationship with the Utility Providers, with a history of timely payments.

**B.      The Objection Procedures**

20.     Historically, chapter 11 debtors were able, under section 366, to put the onus on utility providers to argue that the form of adequate assurance proposed by a debtor was insufficient.  As discussed in greater detail below, section 366, as amended by the Bankruptcy

5

Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), arguably shifts the burden onto debtors to provide adequate assurance the utility provider finds satisfactory and to seek court review if the utility provider does not accept the proposed adequate assurance. Under this reading of revised section 366, a Utility Provider could, on the twenty-ninth day following the Petition Date, announce that the Debtor's Adequate Assurance is not acceptable and demand an extortionary deposit or prepayment from the Debtor and threaten to terminate utility service the next day unless the Debtor complies with the demand. While the Debtor does not concede that this is a correct reading of revised section 366, the Debtor nonetheless believes that it is prudent to require the Utility Providers to raise any objections to the Debtor's Adequate Assurance so that objections may be heard within the first thirty (30) days after the Petition Date.

21.     To avoid such a potentially harmful situation, the Debtor proposes that any Utility Provider who objects to the relief requested herein must file an objection no more than fifteen (15) days after the date of service hereof (the "Objection Deadline"). Upon the filing of such an objection, the Debtor shall attempt to resolve the objection with the objecting Utility Provider, or demonstrate to the Court that Debtor's Adequate Assurance is sufficient.

22.     Debtor requests authority to resolve, in its sole discretion, any such objection by mutual agreement with the Utility Provider and without further order of the Court and, in connection with any such agreement, in its sole discretion, provide a Utility Provider with additional adequate assurance of payment, including but not limited to cash deposits, prepayments, and other forms of security, without further order of this Court if Debtor believes such additional assurance is reasonable.

23.     All Utility Providers who do not timely file an objection shall be deemed to consent to the Debtor's Adequate Assurance and shall be bound thereby.

6

## C.    Final Hearing Date

24.    To resolve any objections no later than thirty (30) days after the Petition Date, the Debtor requests that the Court schedule the Final Hearing approximately twenty-five (25) days after the Petition Date.  The Debtor shall send notice of the Final Hearing, in substantially the form of **Exhibit B** hereto, along with the Interim Order to all Utility Providers identified herein and any subsequently identified, no later than three (3) business days after entry of the Interim Order or one (1) business day after identification of any additional Utility Providers.

25.    The Debtor also requests that the Interim Order be deemed the Final Order with respect to any Utility Provider that does not file an objection prior to the Objection Deadline.  In the event the Interim Order is deemed the Final Order with respect to all of the Utility Providers, Debtor will request that the Court cancel the Final Hearing.

## D.    Subsequent Modifications

26.    To the extent that the Debtor subsequently identifies additional providers of utility services or determines that a Utility Provider is not a utility provider, the Debtor seeks authority, in its sole discretion, to amend the Utility Service List attached hereto to add or remove any Utility Provider.  For those Utility Providers that are subsequently identified, the Debtor will serve a copy of this Motion, along with the Interim Order, on such Utility Provider.  Such subsequently added entities must object to the Debtor's Adequate Assurance on or before the Objection Deadline.

27.    All Utility Providers, including subsequently added Utility Providers, shall be prohibited from altering, refusing, or discontinuing utility services to Debtor absent further order of the Court.

### Basis for Relief

28.     Section 366(c)(2) of the Bankruptcy Code provides that a utility company may discontinue its services to a debtor if the debtor has not furnished adequate assurance of payment within thirty (30) days after the petition date.

29.     Congress enacted section 366 to protect debtors from utility service cutoffs upon a bankruptcy filing while providing utility companies with adequate assurance that the debtors will pay for post-petition services. See H.R. Rep. No. 95–595, at 350 (1978), reprinted in 1978 U.S.C.C.A.N. 5963, 6306.  Accordingly, section 366 protects debtors by prohibiting utilities from altering, refusing or discontinuing services to a debtor solely on account of unpaid pre-petition amounts for a period of thirty (30) days after a chapter 11 filing.  At the same time, it protects utilities by permitting them to alter, refuse or discontinue service after thirty (30) days if the debtor has not furnished "adequate assurance" of payment in a form "satisfactory" to the utility.

30.     Revised section 366(c) also restricts the factors that a court can consider when determining whether an adequate assurance payment is, in fact, adequate.  Specifically, courts may no longer consider (a) the absence of a security deposit before a debtor's petition date, (b) a debtor's history of timely payments or (c) the availability of an administrative expense priority when determining the amount of a deposit.  Notwithstanding these changes, it does not appear that Congress intended to – or did – abrogate the bankruptcy court's ability to determine the amount of adequate assurance necessary or change the fundamental requirement that assurance of payment must simply be "adequate."

31.     First, while section 366(c) limits the factors a court can consider when determining whether a debtor has provided adequate assurance of payment, it does not limit the

8

court's ability to determine the amount of payment necessary, if any, to provide such adequate assurance. Instead, section 366(c) gives courts the same discretion in determining the amount of payment necessary for adequate assurance that they previously had under section 366(b). Compare 11 U.S.C. § 366(b) (2005) ("On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment.") with 11 U.S.C. § 366(c)(3)(A) (2005) ("On request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance payment under paragraph (2).").

32.    Further, section 366(c) requires only that a utility's assurance of payment be "adequate". Courts recognize that adequate assurance of payment does not constitute an absolute guarantee of a debtor's ability to pay. See, e.g., In re Anchor Glass Container Corp., 342 B.R. 872, 875 (Bankr. M.D. Fla. 2005) ("Section 366 requires a determination that a utility is not subject to unreasonable risk of nonpayment, but does not require a guarantee of payment.") (citing In re Adelphia Bus. Solutions, Inc., 280 B.R. 63, 87 (Bankr. S.D.N.Y. 2002)); see also In re Caldor, Inc.–N.Y., 199 B.R. 1, 3 (Bankr. S.D.N.Y. 1996) (section 366(b) "does not require an 'absolute guarantee of payment'"), aff'd sub nom. Virginia Elec. & Power Co. v. Caldor, Inc.–N.Y., 117 F.3d 646 (2d Cir. 1997). Courts have also recognized that, in determining the requisite level of adequate assurance, bankruptcy courts should "focus" upon the need of the utility for assurance, and to require that the debtor supply no more than that, since the debtor almost perforce has a conflicting need to conserve scarce financial resources." Virginia Elec. & Power Co., 117 F.2d at 650 (emphasis in original); see also In re Penn. Cent. Transp. Co., 467 F.2d 100, 103–04 (3d Cir. 1972) (affirming bankruptcy court's ruling that no utility deposits were necessary where such deposits would likely "jeopardize the continuing operation of the

[debtor] merely to give further security to suppliers who already are reasonably protected"). Accordingly, demands by a utility for a guarantee of payment should be refused when the debtor's specific circumstances already afford adequate assurance of payment.

33.    Based upon the foregoing, the Debtor believes that its Utility Providers generally have adequate assurance of payment even <u>without</u> the Adequate Assurance Deposit.

34.    The Debtor has a powerful incentive to stay current on its utility obligations because of its reliance on utility services for the operation of its organization.  These factors, which the Court may (and should) consider when determining the amount of any adequate assurance payments, justify a finding that no adequate assurance payment is required in this Chapter 11 case.   In light of the foregoing, the Debtor respectfully submits that Debtor's Adequate Assurance is more than sufficient to assure the Utility Providers of future payment.

35.    If a Utility Provider disagrees with the Debtor's analysis, the procedure outlined herein permits the Utility Provider to raise an objection, following which the parties can negotiate and, if necessary, seek Court intervention without jeopardizing the Debtor's ability to reorganize.  <u>See</u>, <u>e.g.</u> <u>In re Beach House Property, LLC</u>, No. 08–11761–BKC–RAM, 2008 WL 961498, at *2 (Bankr. S.D. Fla. April 8, 2008) (approving procedure whereby debtor proposed adequate assurance at outset of case and utility was required to object to proposed treatment within 30 days). If a Utility Provider fails to timely file an objection, however, such Utility Provider shall be deemed to consent to the Debtor's Adequate Assurance and shall be bound by the Final Order. <u>See</u> <u>In re Syroco, Inc.</u>, 2007 WL 2404295, at *2 (Bankr. D.P.R. 2007) (a utility provider's lack of objection, response, or counter-demand after receiving notice of hearing on utilities motion, notice of interim order, and notice of final hearing constitutes tacit acceptance of

10

the debtor's proposed two-week cash deposit as adequate assurance of payment as such term is used in section 366 of the Bankruptcy Code).

36.    The Court has authority to approve the proposed procedures under section 105(a) of the Bankruptcy Code.  Section 105(a) provides that the Court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." The purpose of section 105(a) is "to assure the bankruptcy court's power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." 2 Collier on Bankruptcy § 105.01, at 105–5 to 105–6 (15th ed. rev. 2007).

37.    The proposed procedures are necessary for the Debtor to carry out its reorganization efforts.  If they are not approved, the Debtor could be forced to address multiple requests by its Utility Providers in a disorganized manner at a critical point in its reorganization. Moreover, the Debtor could be blindsided by a Utility Provider unilaterally deciding – on or after the thirtieth day following the Petition Date – that it is not adequately protected and discontinuing service or making an exorbitant demand for payment to continue service. Discontinuation of utility service, particularly electric and telephone services, could essentially shut down operations, and any significant disruption of operations is likely to jeopardize the Debtor's reorganization efforts.

38.    Accordingly, the Debtor believes that the proposed procedures should be approved.

## Request for Waiver of Stay

39.    The Debtor further seeks a waiver of any stay of the effectiveness of the Interim Order and Final Order.  Pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until

the expiration of fourteen (14) days after entry of the order, unless the court orders otherwise." As set forth above, the adequate assurance proposed herein is essential to allow the Debtor to restart its operations without further interruption or delay. Accordingly, the Debtor submits that ample cause exists to justify a waiver of the fourteen (14) day stay imposed by Rule 6004(h) of the Bankruptcy Rules, to the extent it applies.

**Debtor's Reservation of Rights**

40.     Nothing contained herein is intended to or should be construed as an admission of the validity of any claim against the Debtor, a waiver of the Debtor's rights to dispute any claim, or an approval or assumption of any agreement, contract or lease under section 365 of the Bankruptcy Code. The Debtor expressly reserves its right to contest any invoice of a Utility Provider under applicable non-bankruptcy law. Likewise, if this Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to and should not be construed as an admission of the validity of any claim or a waiver of the Debtor's rights to dispute such claim subsequently.

**Notice**

41.     The Debtor has provided notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of Florida; (b) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); and (c) the Utility Providers. In light of the nature of the relief requested, Debtor respectfully submits that no further notice is necessary.

**No Prior Request**

42.     No prior motion for the relief requested herein has been made to this or any other court.

12

WHEREFORE, for the reasons set forth herein and in the First Day Declaration filed concurrently herewith, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (a) determining that the Utility Providers have been provided with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code, (b) approving the Debtor's Adequate Assurance, (c) prohibiting the Utility Providers from altering, refusing or discontinuing services on account of pre-petition amounts outstanding and on account of any perceived inadequacy of the Debtor's Adequate Assurance, (d) determining that the Debtor is not required to provide any additional adequate assurance, beyond what is proposed by this Motion, (e) providing the Utility Providers with notice of the Final Hearing on Debtor's Adequate Assurance before the Interim Order becomes a Final Order or a separate Final Order is entered, and (f) granting such other and further relief as is just and proper.

**RESPECTFULLY SUBMITTED** this 6th day of November, 2014.

*I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).*

/s/

**KOZYAK TROPIN & THROCKMORTON, LLP**
David L. Rosendorf (FL Bar No. 996823)
Daniel F. Benavides (FL Bar No. 81675)
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, FL 33134
Tel: (305) 372-1800
Fax: (305) 372-3508

*Proposed Local Counsel for the Debtor and Debtor in Possession*

and

13

**RESPECTFULLY SUBMITTED** this 6th day of November, 2014.

*I HEREBY CERTIFY that the undersigned attorney is seeking to appear pro hac vice in this matter.*

/s/ Lawrence G. McMichael
**DILWORTH PAXSON LLP**
Lawrence G. McMichael (PA ID #28550)
Catherine G. Pappas (PA ID #206910)
1500 Market St., Suite 3500E
Philadelphia, PA 19102
Telephone:  (215) 575-7000
Facsimile:  (215) 575-7200

*Proposed Counsel for Debtor IBI Palm Beach, LLC*

14

## Exhibit A

[Proposed Order]

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re: | : |
| | :    Chapter 11 |
| IBI Palm Beach, LLC, | : |
| | :    Case No. 14-34729 |
| Debtor. | : |
| | : |

## INTERIM AND PROPOSED FINAL ORDER DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES AND SETTING A FINAL HEARING

Upon the motion (the "Motion")[1] of the above-captioned debtor and debtor-in-possession (the "Debtor") for the entry of an interim order (the "Interim Order") and a final order (the "Final Order") determining adequate assurance of payment for future utility services and the First Day Declaration; it appearing that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors and other parties-in-interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this court pursuant to 28 U.S.C. §§ 1408 and

---

[1]      Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED** that

1.       The Motion is granted as set forth herein.

2.       The Debtor and POPB have agreed that the Debtor's timely performance of its post-petition obligations shall constitute sufficient adequate assurance, and that no additional payment or deposit is required or necessary.

3.       The Debtor is authorized to provide Windstream with a deposit equal to one (1) week of service, or $525.

4.       The Debtor is further authorized, but not directed, to provide any Utility Provider, including any Utility Provider not listed in the Motion that is subsequently identified prior to a final hearing on the Motion, an Adequate Assurance Deposit, provided that such Utility Provider does not already hold a deposit equal to or greater than the value of two (2) weeks of utility services and provided further that such Utility Provider is not currently paid in advance for its services.

5.       The Utility Providers are prohibited from (i) altering, refusing or discontinuing service on account of the commencement of this case, or any unpaid pre-petition charges, or (ii) requiring additional adequate assurance of payment other than the Debtor's Adequate Assurance, pending entry of the Final Order after a final hearing (the "Final Hearing") on the Motion or this Interim Order becoming a Final Order as set forth below.

6.       A Utility Provider who accepts an Adequate Assurance Deposit shall be deemed to have stipulated that the Adequate Assurance Deposit constitutes adequate assurance of payment to such Utility Provider within the meaning of section 366 of the Bankruptcy Code and

2

such Utility Provider shall be deemed to have waived any right to seek additional adequate assurance during the course of this chapter 11 case.

5.      A Utility Provider who is being prepaid for services or who currently holds a deposit equal to or in excess of the amount of the Adequate Assurance Deposit shall be deemed to have stipulated that it has received adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code and such Utility Provider shall be deemed to have waived any right to seek additional adequate assurance during the course of this case.

6.      Any Utility Provider who objects to Debtor's Adequate Assurance must file an objection on or before the Objection Deadline.

7.      This Interim Order shall be deemed the Final Order with respect to any Utility Provider that does not file a timely objection prior to the Objection Deadline.

8.      Upon this Interim Order becoming a Final Order with respect to any Utility Provider, Debtor's Adequate Assurance with respect to such Utility Provider shall be deemed approved on a final basis and shall be deemed adequate assurance of payment as such term is used in section 366 of the Bankruptcy Code.

9.      The Final Hearing is set for _____ ____, **2014 at _____ a.m.**  If this Interim Order is deemed a Final Order with respect to all of the Utility Providers, the Final Hearing will be canceled.

10.     A Utility Provider shall be deemed to have adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code unless and until (a) Debtor, in its sole discretion, agrees to an alternative assurance of payment with the Utility Provider or (b) the

3

Court enters an order at the Final Hearing requiring that additional adequate assurance of payment be provided.

11.    The Debtor is authorized, in its sole discretion, to amend the list of Utility Providers identified herein to add or delete any Utility Provider, and this Interim Order shall apply to any such Utility Provider that is subsequently identified and added to this list.

12.    The form of the notice of the Final Hearing attached hereto as **Exhibit B** (the "Final Hearing Notice") is approved.

13.    The Debtor shall serve a copy of the Motion, this Interim Order and the Final Hearing Notice on each Utility Provider identified herein no later than three (3) business days after the date this Interim Order is entered, and shall similarly serve a copy of the Motion this Interim Order, and the Final Hearing Notice within one (1) business day of identifying any additional Utility Provider.

14.    The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

15.    The terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

16.    All time periods set forth in this Order shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure.

17.    This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Interim Order.

###

Submitted by:        David L. Rosendorf, Esq.

4

Kozyak Tropin & Throckmorton, LLP
2525 Ponce de Leon Blvd., 9th Floor
Miami, Florida 33134
Telephone: 305-372-1800
Facsimile: 305-372-3508
Email: dlr@kttlaw.com

Copies furnished to:

David L. Rosendorf, Esq.

[Attorney Rosendorf is directed to serve copies of this order on all interested parties and to file a certificate of service.]

5

**EXHIBIT B**

[Notice of Final Hearing]

117765144_1

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re: | : |
| | :   Chapter 11 |
| IBI Palm Beach, LLC, | : |
| | :   Case No. 14-34729 |
| Debtor. | : |
| | : |

### NOTICE OF FINAL HEARING ON THE MOTION OF THE
### DEBTOR FOR ENTRY OF INTERIM AND FINAL ORDERS
### DETERMINING ADEQUATE ASSURANCE OF FUTURE UTILITY SERVICES

**Commencement of Chapter 11 Case**:  On November 6, 2014, the above-captioned debtor and debtor-in-possession ("Debtor") filed a chapter 11 petition commencing its chapter 11 case under the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court").

**Debtor's Adequate Assurance and Objection Procedures**:  On November 6, 2014, Debtor filed the Motion of Debtor for Entry of Interim and Final Orders Determining Adequate Assurance of Payment for Future Utility Services (the "Motion").  On _____ ___, **2014**, the Bankruptcy Court entered the Interim Order and Proposed Final Order Determining Adequate Assurance of Payment for Future Utility Services (the "Interim Order," a copy of which is attached hereto).

Pursuant to the Interim Order, the Bankruptcy Court conditionally approved the adequate assurance of payment (the "Debtor's Adequate Assurance"), and deemed that all Utility Providers have received adequate assurance of payment pursuant to section 366 of the Bankruptcy Code.

**You are receiving this notice because your rights may be affected by the Interim Order.**

**The final hearing (the "Final Hearing") on the relief requested in the Motion shall commence on _____ __, 2014 at _____ __.m. Eastern Time.**

Any objections to the Motion must be actually received no later than _____, 2014 (the "Objection Deadline") by Debtor's counsel at the following addresses:  (a) Dilworth Paxson LLP, 1500 Market Street, Suite 3500E, Philadelphia, Pennsylvania 19102, Attn: Catherine Pappas, and (b)_____.

**ANY UTILITY PROVIDER WHO FAILS TO FILE A TIMELY OBJECTION TO THE MOTION IS DEEMED TO CONSENT TO THE DEBTOR'S ADEQUATE ASSURANCE AND SHALL BE BOUND BY THE FINAL ORDER APPROVING THE MOTION.**

117765144_1

**Neither Debtor's counsel nor the Bankruptcy Court Clerk's Office can give you legal advice. You may wish to consult an attorney to protect your rights.**

**RESPECTFULLY SUBMITTED** this 6th day of November, 2014.

*I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).*

/s/

**KOZYAK TROPIN &
THROCKMORTON, LLP**
David L. Rosendorf (FL Bar No. 996823)
Daniel F. Benavides (FL Bar No. 81675)
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, FL 33134
Tel: (305) 372-1800
Fax: (305) 372-3508

*Proposed Local Counsel for the Debtor and
Debtor in Possession*

and

**RESPECTFULLY SUBMITTED** this 6th day of November, 2014.

*I HEREBY CERTIFY that the undersigned attorney is seeking to appear pro hac vice in this matter.*

/s/

**DILWORTH PAXSON LLP**
Lawrence G. McMichael (PA ID #28550)
Catherine G. Pappas (PA ID #206910)
1500 Market St., Suite 3500E
Philadelphia, PA 19102
Telephone: (215) 575-7000
Facsimile: (215) 575-7200

*Proposed Counsel for Debtor IBI Palm Beach,
LLC*

2

117765144_1