UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re:<br><br>IBI Palm Beach, LLC,<br><br>          Debtor. | :  Chapter 11<br>:<br>:  Case No. 14-34729<br>:<br>: |

**DEBTOR IN POSSESSION'S APPLICATION
FOR EMPLOYMENT OF KOZYAK TROPIN & THROCKMORTON LLP
PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE**

IBI Palm Beach, LLC, debtor and debtor-in-possession, (the "Debtor"), respectfully requests an order of the Court authorizing the employment of the law firm of Kozyak Tropin & Throckmorton LLP, to represent the Debtor as local counsel in this case and states:

1. On November 6, 2014, the Debtor filed a voluntary petition under chapter 11 of the United States Bankruptcy Code.

2. The Debtor desires to employ Kozyak Tropin & Throckmorton LLP ("KTT") as its local attorneys in this case.

3. The Debtor believes that KTT is qualified to practice in this Court and is qualified to advise the Debtor on its relations with, and responsibilities to, the creditors and other interested parties.

4. The professional services KTT will render are summarized as follows:

    a. To give advice to the Debtor with respect to its powers and duties as a debtor in possession and the continued management of its business operations;

    b. To advise the Debtor with respect to its responsibilities in complying with the U.S. Trustee's Operating Guidelines and Reporting Requirements and with the rules of the Court;

117763061_2

c. To prepare motions, pleadings, orders, applications, adversary proceedings, and other legal documents necessary in the administration of the case;

d. To protect the interest of the Debtor in all matters pending before the Court;

e. To represent the Debtor in negotiation with its creditors in the preparation of a plan.

5. To the best of the Debtor's knowledge, neither KTT nor its attorneys have any connection with the creditors or other parties in interest or their respective attorneys. Neither KTT nor its attorneys represent any interest adverse to the Debtor, except as set forth on the Affidavit of David L. Rosendorf, Esq. (the "Rosendorf Affidavit"), filed contemporaneously herewith.

6. The Rosendorf Affidavit demonstrates that KTT is disinterested as required by 11 U.S.C. § 327(a) and is a verified statement as required under Bankruptcy Rule 2014.

WHEREFORE, the Debtor respectfully requests that this Court authorize the employment and retention of KTT and grant such other and further relief as this Court deems just and proper.

I CERTIFY that a true copy of this application was mailed on November 7, 2014, to the parties indicated below.

Dated: November 7, 2014

IBI Palm Beach, LLC

Bradley T. Prader, CEO
One East 11th Ave., Suite 500
Riviera Beach, FL 33404

Service list:
Debtor
U.S. Trustee
20 largest unsecured creditors
All Appearances

2

117763061_2

EXHIBIT A

[DECLARATION OF DAVID L. ROSENDORF]

117763061_2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

IN RE

IBI PALM BEACH, LLC,                    CASE NO. 14-34729-EPK

    Debtor.                              CHAPTER 11
_____/

### AFFIDAVIT OF DAVID L. ROSENDORF OF KOZYAK TROPIN & THROCKMORTON LLP AND STATEMENT PURSUANT TO BANKRUPTCY RULES 2014 AND 2016(B)

STATE OF FLORIDA      )
                                      )
COUNTY OF MIAMI-DADE  )

    David L. Rosendorf, being duly sworn, says:

    1.    I am an attorney at law, duly admitted to practice in the State of Florida, and am admitted to practice in the United States Bankruptcy Court for the Southern District of Florida.

    2.    I am a shareholder in the law firm of Kozyak Tropin & Throckmorton LLP ("KT&T") with offices located at 2525 Ponce de Leon Boulevard, 9th Floor, Coral Gables, Florida 33134.

    3.    Unless otherwise stated in this Affidavit, I have personal knowledge of the facts hereinafter set forth. To the extent that any information disclosed herein requires amendment or modification upon KT&T's completion of further analysis, a supplemental declaration will be submitted to the Court reflecting same.

    4.    Neither KT&T, nor any partner or associate thereof, has receive any promises of compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. KT&T has not shared, nor agreed to share, any compensation it has received or may receive with another party or person, other than with the partners and associates of

KT&T, nor has KT&T agreed to share any compensation that any other person or party has received or may receive.

5. As of November 6, 2014, KT&T had no balance owed for services rendered and costs incurred in connection with this case, and held a retainer of $15,000 from the Debtor for services to be rendered in this Chapter 11 case. In addition, IBI Palm Beach Holdings, LLC, the Manager of the Debtor, has guaranteed the fees and costs incurred by KT&T in connection with its representation of the Debtor in this Chapter 11 case.

6. It is the intention of KT&T to seek compensation for its services to the Debtor in accordance with the normal hourly rates that it charges to its other clients. These rates are adjusted by KT&T from time to time. These rates are set at a level designed to compensate the Firm fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. At the current time, the Firm's standard hourly billing rates for those professionals most likely to be involved in these cases are as follows:

    Partners:    $400.00 - $495.00

    Associates:    $275.00 - $350.00

    Paralegals:    $200.00 - $250.00

7. Consistent with KT&T's policy with respect to its clients, KT&T will continue to charge the Debtor for all other services and for all other charges and disbursements including, among other things, telephone charges, photocopying, travel, business meals, computerized research, messengers, couriers, postage, witness fees and other fees relating to trials and hearings, consistent with this Court's guidelines as applicable.

8. KT&T received no payments from the Debtor for services provided within the past ninety (90) days (August 8, 2014 through November 6, 2014).

9. KT&T has searched its conflicts database and reviewed the Debtor's creditor matrix; the Debtor's officers, directors and executive management; the Debtor's other professionals; and parties to material contracts with the Debtor. Based on this review, KT&T has determined that it has not represented any such parties. KT&T will not represent any creditors or other parties in interest. KT&T will not represent anyone other than the Debtor in connection with this bankruptcy case.

10. Based on the foregoing, KT&T does not represent any creditors of the Debtor or other parties in interest and does not hold or represent any interest adverse to the Debtor. Accordingly, I submit that KT&T has complied with Rules 2014 and 2016(b) of the Federal Rules of Bankruptcy Procedure.

FURTHER AFFIANT SAYETH NAUGHT.



David L. Rosendorf

Sworn to and subscribed before me this 7th day of November, 2014 by DAVID ROSENDORF, who X is personally known to me or __ produced _____ as identification and who took an oath.

Notary Public, State of Florida

RAQUEL PENALVER
MY COMMISSION # EE 121675
EXPIRES: October 26, 2015
Bonded Thru Budget Notary Services

EXHIBIT B

[PROPOSED ORDER]

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                    :
                                          : Chapter 11
IBI Palm Beach, LLC,                      :
                                          : Case No. 14-34729
            Debtor.                       :
                                          :

## ORDER

AND NOW, this ___ day of _____, 2014, upon consideration of the Application of Debtor Pursuant to Section 327(a) of the Bankruptcy Code for Order Authorizing the Employment and Retention of Kozyak Tropin & Throckmorton LLP ("KTT") as Attorneys (the "Application") and the Affidavit of David L. Rosendorf, a Partner of KTT; and the Court being satisfied that KTT represents no interest adverse to the Debtor or its estate in the matters upon which it is to be engaged; and it appearing that KTT's employment is necessary and would be in the best interests of the Debtor, its estates, and creditors,

IT IS HEREBY ORDERED that:

1. The Application is granted.

2. The Debtor is authorized to employ KTT as its local attorneys to represent it in the above-captioned case under Chapter 11 of Title 11 of the United States Code, pursuant to the terms of the Application, in all matters relating to the Debtor's bankruptcy.

117763061_2

###

| | |
|---|---|
| Submitted by: | David L. Rosendorf, Esq.<br>Kozyak Tropin & Throckmorton, LLP<br>2525 Ponce de Leon Blvd., 9th Floor<br>Miami, Florida 33134<br>Telephone: 305-372-1800<br>Facsimile: 305-372-3508<br>Email: dlr@kttlaw.com |

Copies furnished to:

David L. Rosendorf, Esq.

[Attorney Rosendorf is directed to serve copies of this order on all interested parties and to file a certificate of service.]