

**ORDERED in the Southern District of Florida on November 17, 2014.**

*Erik P. Kimball, Judge*
*United States Bankruptcy Court*

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

| | |
|---|---|
| In re: | : |
| | : Chapter 11 |
| IBI Palm Beach, LLC, | : |
| | : Case No. 14-34729 (EPK) |
| Debtor. | : |
| | : |

**INTERIM ORDER AUTHORIZING DEBTOR TO (I) CONTINUE**
**CASH MANAGEMENT SYSTEM AND (II) MAINTAIN**
**EXISTING BANK ACCOUNTS AND BUSINESS FORMS**

**THIS MATTER** came before the Court for hearing on November 12, 2014, upon the motion (the "Motion")[1] of the above-captioned debtor and debtor-in-possession ("Debtor") for the entry of an interim order (this "Interim Order") authorizing the Debtor to (a) continue its cash management system, and (b) maintain its existing bank accounts [ECF No. 7]; and it appearing that the relief requested herein is in the best interests of the Debtor's estate, its creditors and other parties in interest; and it appearing that the Court has jurisdiction over this matter pursuant

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

117773672_3/358519.1

to 28 U.S.C. § 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of this Motion and opportunity for a hearing on this Motion was appropriate under the particular circumstances and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED** that:

1. The Motion is granted on an interim basis as set forth herein.

2. The Debtor is authorized and empowered, pursuant to sections 105(a) and 363(c) of the Bankruptcy Code, to continue using its Cash Management System as described in the Motion.

3. The Debtor is authorized to: (a) designate, maintain and continue to use any or all of its existing Bank Accounts, including but not limited to the Bank Accounts listed on **Exhibit A** to the Motion, in the names and with the account numbers existing immediately before the Petition Date; (b) deposit funds in and withdraw funds from these accounts by all usual means, including, without limitation, checks, wire transfers, automated transfers and other debits; and (c) treat its pre-petition Bank Accounts for all purposes as debtor-in-possession accounts.

4. The Debtor is authorized to continue using its Business Forms and Books & Records as described in the Motion, without reference to its status as a debtor-in-possession.

5. As soon as practicable after entry of this Interim Order, the Debtor shall serve a copy of this Interim Order on the bank at which the Bank Accounts are maintained.

6. Unless otherwise provided in this Interim Order or separately ordered by this Court, no bank shall honor or pay any bank payments drawn on the Bank Accounts or otherwise issued or dated prior to the Petition Date.

7. Except as otherwise expressly provided in this Interim Order, the bank at which the Bank Accounts are maintained is authorized and directed to continue to service and administer the Bank Accounts as accounts of the Debtor as a debtor-in-possession, without interruption and in the ordinary course, and to receive, process, honor and pay any and all checks, drafts, wires and automated clearing house transfers issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be.

8. The Debtor's existing deposit agreements between the Debtor and its existing depository and disbursement bank shall continue to govern the post-petition cash management relationship between the Debtor and the bank, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect.

9. The Debtor is authorized to open any new bank accounts or close any existing Bank Accounts as it may deem necessary and appropriate in its sole discretion. Any new bank accounts opened by the Debtor during the pendency of this case shall be debtor-in-possession ("DIP") accounts at an authorized depository, in accordance with the Operating Guidelines and Financial Reporting Requirements Required in All Cases Under Chapter 11 (the "UST Guidelines").

10. The requirement to establish separate accounts for cash collateral and/or tax payments is hereby waived.

11. The Debtor is authorized to: (a) pay pre-petition amounts outstanding as of the date hereof, if any, owed to its bank as service charges for the maintenance of the Cash Management System; and (b) reimburse the bank for any claims arising before or after the

Petition Date in connection with customer checks deposited with the bank that have been dishonored or returned as a result of insufficient funds in the Bank Accounts.

12. The Debtor's bank may rely on the representations of the Debtor with respect to whether any check or other payment order drawn or issued by the Debtor prior to the Petition Date should be honored pursuant to this or any other order of this Court, and such bank shall not have any liability to any party for relying on such representations by the Debtor as provided for herein.

13. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

14. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

15. Notwithstanding the possible applicability of Rules 6004, 7062 or 9014 of the Bankruptcy Rules, or otherwise, the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

16. All time periods set forth in this Interim Order shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure.

17. A final hearing with respect to the Motion shall be held on **December 3, 2014** at **2:00 p.m.**

18. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Interim Order.

###

Submitted by: David L. Rosendorf, Esq.
Kozyak Tropin & Throckmorton, LLP
2525 Ponce de Leon Blvd., 9th Floor
Miami, Florida 33134
Telephone: 305-372-1800
Facsimile: 305-372-3508
Email: dlr@kttlaw.com

Copies furnished to:

David L. Rosendorf, Esq.

[Attorney Rosendorf is directed to serve copies of this order on all interested parties and to file a certificate of service.]

117773672_3/358519.1