

**ORDERED in the Southern District of Florida on November 17, 2014.**

Erik P. Kimball, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| In re: | : |
| | :  Chapter 11 |
| IBI Palm Beach, LLC, | : |
| | :  Case No. 14-34729 (EPK) |
| Debtor. | : |
| | : |

**ORDER (A) APPROVING PAYMENT OF AMOUNTS ACCRUED FOR EMPLOYEE OBLIGATIONS AND BENEFIT PROGRAMS; (B) CONFIRMING DEBTOR MAY CONTINUE CERTAIN PRE-PETITION EMPLOYEE OBLIGATIONS AND BENEFITS PROGRAMS IN THE ORDINARY COURSE OF BUSINESS; AND (C) DIRECTING BANKS AND OTHER FINANCIAL INSTITUTIONS TO HONOR ALL RELATED CHECKS AND ELECTRONIC PAYMENT REQUESTS**

**THIS MATTER** came before the Court for hearing on November 12, 2014, upon the motion (the "Motion")[1] of the above-captioned debtor ("Debtor") for the entry of an order (A) approving payment of amounts accrued in relation to Debtor's Employee Obligations and the Employee Benefits Programs; (B) confirming that Debtor may continue its Employee Benefits Programs in the ordinary course of business; and (C) authorizing and directing banks and other financial institutions to receive, process, honor, and pay all checks presented for payment and

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

117776808_3/358521.1

electronic payment requests relating to the foregoing [ECF. No. 8], it appearing that the relief requested is in the best interests of Debtor's estate, its creditors and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein; this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefore, it is hereby **ORDERED** that

1. The Motion is granted.

2. Debtor is authorized, but not directed, to honor all Employee Obligations and Employee Benefits Programs in accordance with Debtor's stated policies and pre-petition practices, including, but not limited to, pre-petition amounts owed in connection therewith.

3. Debtor will not pay any amounts in excess of the $12,475 cap per employee imposed by section 507(a)(4) and (5) of the Bankruptcy Code.

4. All amounts authorized to be paid pursuant to this Order shall be paid from a non-debtor source, IBI Palm Beach Holdings, LLC ("Holdings"), and from assets that do not constitute the cash collateral of SourcePoint, LLC. Holdings' payment of amounts pursuant to this Order shall constitute equity contributions to the Debtor and be treated by the Debtor accordingly, and, in any event, shall not be repaid by the Debtor from the cash collateral of SourcePoint, LLC.

5. Post-petition, Debtor is authorized, but not directed, to continue to allocate and distribute all payroll deductions and payroll taxes in accordance with Debtor's stated policies and pre-petition practices.

117776808_3/358521.1

6.      Debtor is authorized, but not directed, to honor the Employee Benefits Programs, make any necessary contributions to such programs and pay any unpaid premium, claim, or amount owed as of the Petition Date.

7.      In accordance with this Order and any other order of this Court, Debtor is authorized, but not directed, to pay all processing fees associated with, and all costs incident to, payments authorized by this Order.

8.      Debtor may, in its sole discretion, continue its pre-petition Employee Benefits Programs in the ordinary course of business and pay any amounts owed with respect thereto in the ordinary course of business.

9.      The banks and financial institutions on which checks were drawn or electronic payment requests were made in payment of the pre-petition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and that all such banks and financial institutions are authorized to rely on Debtor's designation of any particular check or electronic payment request as approved by this Order.

10.     Debtor is authorized to reissue any check or electronic payment that originally was given in payment of any pre-petition amount authorized to be paid under this Order and is not cleared by the applicable bank or other financial institution.

11.     Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.  Authorizations given in this Order empower but do not direct Debtor to effectuate any of the payments specified herein.

12. Nothing in the Motion or this Order shall be deemed or construed as an admission as to the validity or priority of any claim against Debtor or an approval or assumption of any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code.

13. The requirements set forth in Rule 6003(b) of the Federal Rules of Bankruptcy Procedure are satisfied by the contents of the Motion.

14. Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062 and 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

16. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

###

Submitted by: David L. Rosendorf, Esq.
Kozyak Tropin & Throckmorton, LLP
2525 Ponce de Leon Blvd., 9th Floor
Miami, Florida 33134
Telephone: 305-372-1800
Facsimile: 305-372-3508
Email: dlr@kttlaw.com

Copies furnished to:

David L. Rosendorf, Esq.

[Attorney Rosendorf is directed to serve copies of this order on all interested parties and to file a certificate of service]