UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re: | : |
| | : Chapter 11 |
| IBI Palm Beach, LLC, | : |
| | : Case No. 14-34729 |
| Debtor. | : |
| | : |

**APPLICATION OF DEBTOR IBI PALM BEACH, LLC FOR AN
ORDER (I) AUTHORIZING THE EMPLOYMENT AND RETENTION OF
DUFOUR, LASKAY & STROUSE, INC. AS APPRAISERS FOR DEBTOR PURSUANT
TO 11 U.S.C. § 327(a) AND (II) APPROVING PROPOSED FEE
PURSUANT TO 11 U.S.C. § 328(a)**

IBI Palm Beach, LLC, the above-captioned debtor and debtor-in-possession ("Debtor"), by and through undersigned counsel, hereby seeks, pursuant to this application (the "Application"), the entry of an order, substantially in the form attached hereto as Exhibit A (i) authorizing the employment and retention of Dufour, Laskay & Strouse, Inc. ("DLS") pursuant to Section 327(a) of the Bankruptcy Code as appraisers for the Debtor and (ii) approving proposed fee pursuant to Section 328(a). In support of the Application, the Debtor respectfully states as follows:

### Jurisdiction

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The legal basis for the relief requested herein is sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

117811710_1

## Background

4. On November 6, 2014, (the "Petition Date"), the Debtor filed a voluntary petition for relief with the Court under chapter 11 of title 11 of the Bankruptcy Code. The Debtor is operating its business and managing its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in this chapter 11 case and, as of the date of the filing of this Motion, no official committees have been appointed or designated.

5. The factual background relating to the Debtor's commencement of this case is set forth in detail in the *Declaration of Bradley Prader in Support of First Day Motions* [Docket No. 5] (the "Prader Declaration"), which is incorporated herein by reference.

6. This case is a balance sheet and operational restructuring case, through which Debtor is seeking to restructure its obligations and receive financing of its working capital needs in order to re-start its operations in Riviera Beach at the Port of Palm Beach. The Debtor operates a cruise-ship based casino and entertainment company in the West Palm Beach metropolitan area, utilizing the trade name Island Breeze Casino.

7. The Debtor's revenues are dependent on operation of the Island Breeze Casino aboard the vessel "M/V Island Breeze II" (the "Vessel"). Unfortunately, in May 2014, a catastrophic engine failure, subsequent repairs, and dry-docking forced the Debtor to cease operation of the Island Breeze Casino, layoff substantially all of its employees save essential executive and administrative personnel, and incur a negative cash flow of approximately $2 million.

8. The Debtor has struggled to weather this operational challenge in the absence of a revenue stream. Fortunately, its repairs have now been completed and the Vessel has obtained the requisite certifications to again carry passengers.

9. While the Debtor endeavors to re-start full operations and generate positive cash flow, it is seeking the protections of chapter 11 in order to restructure its balance sheet and streamline its operations, to the benefit of creditors and parties in interest. The Debtor intends to use cash collateral and other funding to operate its business while it explores various restructuring alternatives.

10. The Debtor has determined that it is necessary and appropriate to have the Vessel appraised at this time so as to determine the market value of the Vessel for obtaining post-petition financing and, ultimately, to permit the Debtor to propose a confirmable plan of reorganization.

## Relief Requested

11. By this Application, the Debtor respectfully requests entry of an order pursuant to Section 327(a) of the Bankruptcy Code authorizing it to employ and retain DLS to conduct an appraisal of the Vessel, prepare a report regarding the value of the Vessel, and provide related litigation support if such support becomes necessary in this case. The Debtor also respectfully requests that the Court approve DLS's proposed flat and hourly fees pursuant to Section 328(a). These terms and conditions of DLS's proposed engagement are set forth in the letter dated November 21, 2014 to Lawrence G. McMichael (the "Engagement Letter"). A copy of the Engagement Letter is attached hereto as Exhibit B.

117811710_1

**Proposed Retention of DLS**

12. The Debtor seeks to retain DLS as its appraiser based on the firm's extensive experience and knowledge in providing appraisal services for maritime vessels. The engagement will be performed primarily by Capt. Larry E. Strouse, NAMS-CMS, ASA Senior Member-No. 008103, and U.S.C.G. Licensed Master ("Strouse"), who has performed over 100 similar engagements.

13. Pursuant to Section 327(a), the Debtor, "with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist [the Debtor] in carrying out [the Debtor's] duties under this title." 11 U.S.C. § 327(a).

14. To the best of the Debtor's knowledge, information and belief, neither DLS, Strouse nor any professional employee or independent contractor of DLS has any connection with or any interest adverse to the Debtor, its creditors, or any other party in interest, or their respective attorneys and accountants, except as set forth in the Declaration of Larry E. Strouse (the "Strouse Declaration"), a copy of which is attached hereto as Exhibit C).

15. Based upon the Strouse Declaration, the Debtor submits that DLS is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code.

16. In addition, as set forth in the Strouse Declaration, if any new material facts or relationships are discovered or arise, DLS will provide the Court with a supplemental Declaration.

17. The Debtor believes that DLS and Strouse are well-qualified to provide the appraisal services set forth in the Engagement Letter and that such retention would be in the best

117811710_1

interest of the Debtor and its estate. Further, DLS has indicated its desire and willingness to provide appraisal and valuation services to the Debtor.

### Proposed Fee Arrangement

18. DLS has agreed to accept a flat fee of $6,000 plus estimated expenses of $1,500 (the "Fixed Fee") for a turnkey appraisal cost of $7,500 to conduct an inspection of the Vessel and prepare the appraisal report. In addition, DLS will bill hourly at the rate of $250/hour for litigation support services such as depositions or court appearances, should those services be required, as well as for reasonable out-of-pocket expenses related thereto (the "Hourly Fees").

19. Pursuant to Section 328(a), the Debtor, "with the court's approval, may employ . . . a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis."

20. The Debtor respectfully requests that the Court approve the Fixed Fee pursuant to Section 328(a). The Debtor believes that the Fixed Fee is reasonable based on the customary compensation charged by comparably skilled professionals in other Chapter 11 cases. The Debtor further requests that it be authorized to pay, or to arrange for a third party to pay, DLS the Fixed Fee immediately upon approval of this Application (subject to applicable restrictions regarding the use of cash collateral) without the necessity of a further application for compensation pursuant to 11 U.S.C. § 330.

21. For any litigation support services provided that are not covered by the Fixed Fee, DLS intends to apply to the Court for the allowance and payment of its Hourly Fees pursuant to 11 U.S.C. § 330.

## Notice

22. The Debtor has provided notice of this Application to: (a) the United States Trustee for the Southern District of Florida; (b) parties that have requested notice under Federal Rule of Bankruptcy Procedure 2002; and (c) counsel for its primary secured creditor.

WHEREFORE, the Debtor respectfully requests that this Court (i) authorize the employment and retention of DLS as the Debtor's appraiser pursuant to 11 U.S.C. § 327(a) pursuant to the terms of the Engagement Letter, (ii) approve DLS's flat fee of $7,500.00 without further application to this Court pursuant to 11 U.S.C. § 328(a), and (iii) grant such other and further relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 26 day of November, 2014.

*I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).*

/s/ David L. Rosendorf
**Kozyak Tropin & Throckmorton, LLP**
David L. Rosendorf, Esq.
2525 Ponce de Leon Blvd., 9th Floor
Miami, Florida 33134
Telephone: 305-372-1800
Facsimile: 305-372-3508

*Proposed Local Counsel for the Debtor and Debtor in Possession*

and

**RESPECTFULLY SUBMITTED** this 26th day of November, 2014.

*I HEREBY CERTIFY that the undersigned attorney is seeking to appear pro hac vice in this matter.*

/s/ Lawrence G. McMichael
**DILWORTH PAXSON LLP**
Lawrence G. McMichael (PA ID #28550)
Catherine G. Pappas (PA ID #206910)
1500 Market St., Suite 3500E
Philadelphia, PA 19102
Telephone: (215) 575-7000
Facsimile: (215) 575-7200

*Proposed Counsel for Debtor IBI Palm Beach, LLC*

## Exhibit A

[Proposed Order]

117811710_1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re: | : |
| | : Chapter 11 |
| IBI Palm Beach, LLC, | : |
| | : Case No. 14-34729 |
| Debtor. | : |
| | : |

**ORDER (I) AUTHORIZING THE EMPLOYMENT AND RETENTION OF DUFOUR, LASKEY & STROUSE, INC. AS APPRAISERS FOR DEBTOR PURSUANT TO 11 U.S.C. § 327(a) AND (II) APPROVING PROPOSED FEE PURSUANT TO 11 U.S.C. § 328(a)**

AND NOW, the ____ day of _____, 2014, upon consideration of the Application of Debtor for Order (i) Authorizing the Employment and Retention of Dufour, Laskay & Strouse, Inc. ("DLS") pursuant to Section 327(a) of the Bankruptcy Code as appraisers for the Debtor and (ii) Approving Proposed Fee Pursuant to 11 U.S.C. § 328(a) of the Bankruptcy Code (the "Application"), and upon the Declaration of Capt. Larry E. Strouse; the Court being satisfied that DLS represents no interest adverse to the Debtor or its estate and is a disinterested person; and it appearing that the employment of DLS is necessary and would be in the best interests of the Debtor, its estate and creditors,

IT IS HEREBY ORDERED that:

    1.    The Application is APPROVED.

1

117811710_1

2. The Debtor is authorized to employ DLS as an appraiser pursuant to the terms of the Engagement Letter and as set for in the Application.

3. DLS shall be entitled to receive a $6,000.00 flat fee plus expenses not to exceed $1,500.00, for a total of $7,500.00, for the appraisal services set forth in the Application. This fee shall be payable to DLS without further application to this Court, subject to applicable restrictions on the Debtor's use of cash collateral.

4. To the extent litigation support or related additional services are required by the Debtor in connection with the appraisal, DLS shall apply to the Court for allowance and payment of any further fees and expenses pursuant to 11 U.S.C. § 330.

5. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Interim Order.

###

Submitted by:   David L. Rosendorf, Esq.
Kozyak Tropin & Throckmorton, LLP
2525 Ponce de Leon Blvd., 9th Floor
Miami, Florida 33134
Telephone: 305-372-1800
Facsimile: 305-372-3508
Email: dlr@kttlaw.com

Copies furnished to:

David L. Rosendorf, Esq.

[Attorney Rosendorf is directed to serve copies of this order on all interested parties and to file a certificate of service.]

2

117811710_1

## Exhibit B

[Engagement Letter]

117811710_1



**Worldwide Marine Appraisers, Surveyors and Consultants Inland and Ocean**

Dufour Laskay & Strouse, Inc.

3939 N. Causeway Blvd., Ste. 300
Metairie, LA 70002
504.835.8505
Fax: 504.835.9901
www.portlite.com

National Association of Marine Surveyors
and
American Society of Appraisers
Accredited Members
on Staff

New Orleans • Houston • Tampa • Great Lakes

November 21, 2014

Lawrence G. McMichael
Dilworth Paxson LLP
1500 Market Street
Suite 3500E
Philadelphia, PA 19102

Via Email: lmcmichael@dilworthlaw.com

Dear Lawrence:

Pursuant to our conversation of November 19, 2014, this letter will be in the form of a proposal to effect an appraisal of the "M/V ISLAND BREEZE II" (formerly the M/V "BLACK DIAMOND", and "SUNCRUZ" VI), USCG Official Number 1060045.

Currently, the vessel is located in Palm Beach, Florida, and the vessel will be physically inspected at that location. Subsequently, research will be convened in order to ascertain and submit a Fair Market Value in accordance with Bankruptcy Court proceedings. The report will be in accordance with Uniform Standards of Principal Appraisal Practice (USPAP) as well as meeting the standards of the American Society of Appraisers (ASA).

The undersigned appraiser has previously authored reports and testified in the following courts:

    USDC Eastern District of Louisiana- Bankruptcy Division
    US Bankruptcy Court District of Delaware
    USDC District of San Juan, Puerto Rico-Bankruptcy Division
    US Tax Court of Southern California
    US Bankruptcy Court Southern District of Florida

Fees for the proposed appraisal $6,000 plus estimated expenses of $1,500 for a turnkey appraisal cost of **$7,500**.

New Orleans • Houston • Tampa  LLOYD'S  Agency

Appraisal Quote                                                                                    Page 2

Any additional services, such as depositions or court appearances, will be at DLS published rates of $250 per hour with minimum charge for eight hours and including all reasonable expenses related thereto.

Respectfully Submitted,

**DUFOUR, LASKAY & STROUSE, INC.**

*(signature)*
_____
Capt. Larry E. Strouse, Appraiser
NAMS-CMS
ASA Senior Member – No. 008103
U.S.C.G. Licensed Master

# Exhibit C

[Strouse Declaration]

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re: | : Chapter 11 |
| IBI Palm Beach, LLC, | : |
| | : Case No. 14-34729 |
| Debtor. | : |
| | : |

**UNSWORN DECLARATION OF CAPT. LARRY E. STROUSE IN SUPPORT OF APPLICATION OF DEBTOR IBI PALM BEACH, LLC FOR AN ORDER (I) AUTHORIZING THE EMPLOYMENT AND RETENTION OF DUFOUR, LASKAY & STROUSE, INC. AS APPRAISERS FOR DEBTOR PURSUANT TO 11 U.S.C. § 327(a) AND (II) APPROVING PROPOSED FEE PURSUANT TO 11 U.S.C. § 328(a)**

I, Capt. Larry E. Strouse, ASA Certified Appraiser, NAMS-CMS, U.S.C.G. Licensed Master, hereby submit this declaration in support of the application of the Debtor for entry of an order (i) authorizing and approving the employment and retention of DuFour, Laskay & Strouse, Inc. ("DLS") as real estate appraisers for the Debtor pursuant to 11 U.S.C. § 327(a) and (ii) approving proposed fee pursuant to Section 328(a) (the "Application").

1. The information contained in this Declaration is true and correct to the best of my knowledge and belief.

2. I am the vice-president of DLS, which maintains offices at 3939 N. Causeway Blvd, Ste 300, Metarie, LA 70002. I submit this Declaration in support of the Application. This Declaration constitutes the statement of DLS pursuant to Fed. R. Bankr. P. 2014(a) and 2016.

3. I have been working in the marine appraisal industry for more than 37 years and have expertise in a wide range of appraisal and related services. I regularly provide services to corporate, institutional, and individual clients, including: appraisals, litigation support and expert testimony, site evaluation, highest and best use analysis, appraisals for acquisition and portfolio

1

117811710_1

management, workout strategies, operational analysis, economic impact studies, and fairness opinions.

4. Unless otherwise stated in this Declaration, I have personal knowledge of the facts hereinafter set forth. To the extent that any information disclosed herein requires amendment or modification upon DLS's completion of further analysis, a supplemental affidavit will be submitted to the Court reflecting the same.

5. No promises have been received by DLS, nor any officer or employee thereof, as to compensation in connection with this case other than as set forth in the Application. DLS has not shared, nor agreed to share, any compensation it has received or may receive with another party or person, other than with officers and employees of DLS, nor has DLS agreed to share any compensation that any other person or party has received or may receive.

6. DLS has undertaken an examination of its database of existing and former clients to determine whether it has any connections with the Debtor, its creditors or parties-in-interest in the Debtor's Chapter 11 case. DLS's analysis included an examination of the Debtor's entire creditor matrix, including its top twenty (20) unsecured creditors and the Debtor's known secured creditors, known parties to executory contracts, members of the Office of the United States Trustee's Office involved in this case, and other parties in interest and professionals known to DLS to have an interest in this case.

7. Based on the database examination specified above, I have concluded that, to the best of my knowledge, DLS has not represented and does not represent any entity that has an adverse interest or connection to the Debtor. Should DLS become aware of any connections with such creditors or parties-in-interest, it will supplement this Declaration.

2

117811710_1

8. Further, DLS possibly has represented, from time to time, other creditors of the Debtor, as well as other parties-in-interest, their attorneys, accountants and financial advisors, and certain affiliates and subsidiaries of the foregoing in unrelated matters. None of these representations, however, involves the Debtor or any aspect of DLS's relationship with the Debtor. Should DLS become aware of any connections with other creditors or parties-in-interest, it will supplement this Declaration.

9. In 2012, DLS performed an appraisal of a different vessel, the "M/V Island Breeze", owned by Island Breeze International, a Cayman Islands corporation. Island Breeze International is owned by Island Breeze International, Inc. ("IBII"). IBII is the managing member of IBI Palm Beach Holdings, Inc., which is the managing member of the Debtor. DLS has already been fully compensated for this engagement, and has not received payment from the Debtor or any entity related to the Debtor during the ninety (90) days prior to the Petition Date.

10. DLS has agreed to accept a flat fee of $6,000.00 plus expenses not to exceed $1,500.00, for a total of $7,500, to prepare an appraisal report for the Vessel. To the extent DLS is asked to provide litigation support services, in addition to the written appraisal, it intends to bill the Debtor's estate its customary hourly rates, which are $250/hour.

11. In addition, DLS shall seek reimbursement of any out-of-pocket expenses related to the litigation support services. DLS intends to apply to this Court for approval of any fees or expenses above the $7,500.00 fixed fee.

Accordingly, I submit that DLS has complied with Rules 2014 and 2016(b) of the Federal Rules of Bankruptcy Procedure.

117811710_1

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 25, 2014

*/s/ Larry E. Strouse*
_____
Larry E. Strouse

117811710_1